UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
DAVID DICARLO, on behalf of himself and, all : 
others similarly situated, :
: Case No. 19-cv-05052
              Plaintiff, :
:
v. : **NOTICE OF REMOVAL**
:
BEST WESTERN INTERNATIONAL, INC. :
:
             Defendant. :
---------------------------------------------------------------- x

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, *et seq.*, Defendant Best Western International, Inc. ("Best Western"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby files a Notice of Removal of the above-captioned case to this Court and, in support or removal, respectfully states as follows:  with respect to the case identified as *David DiCarlo v. Best Western International, Inc.*, from the Supreme Court of the State of New York, County of New York.  In support of this Notice, Best Western states as follows:

## TIMELINESS OF REMOVAL

1.    Best Western is named as defendant in Index No. 153398/2019 filed in the Supreme Court of the State of New York, County of New York, styled *David DiCarlo v. Best Western International, Inc.* (the "State Court Action").

2.    The Complaint in the State Court Action was filed with the Clerk of the Supreme Court of the State of New York, County of New York, on or about April 2, 2019; Defendant was served on May 10, 2019.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit 1**.

3. In the State Court Action, Plaintiff alleges that Defendantt violated a federal statute, 42 U.S.C. §§ 12181, *et seq.* ("Title III").

4. Any civil action is removable if the plaintiff could have originally brought the action in federal court. *See* 28 U.S.C. § 1441(a).

5. Under 28 U.S.C. § 1331 this Court has original federal question jurisdiction over Plaintiff's Title III claims.

6. Accordingly, pursuant to 28 U.S.C. § 1441(a), Defendant has the right to remove the State Court Action to this Court, without regard to the citizenship or residency of the parties or the amount in controversy.

7. Defendant was formally served with the Complaint on May 10, 2019. There have been no other pleadings in this case to date. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

8. By this Notice of Removal, Defendant does not waive any defense, jurisdictional or otherwise, which it may possess. Defendant also does not concede that Plaintiff has stated a claim against it.

9. Defendant will serve copies of this Notice of Removal upon Plaintiff and file a copy with the Clerk of the Supreme Court of the State of New York, County of New York, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Best Western respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated: New York, New York
May 30, 2019

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By: */s/Evan B. Citron*
    Evan B. Citron
599 Lexington Avenue, 17th Floor
New York, New York 10022
Tel:  (212) 492-2500

*Attorneys for Defendant*
*Best Western International, Inc.*